UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20cr248

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| DYRAL KEITH SHANKLE | ) | |

**THIS MATTER** is before the Court on Defendant Dyral Keith Shankle's *pro se* "request to file a Rule 41(g) motion to return personal property" (Doc. 30). Having considered the Motion and the Government's response (Doc. 30), the Court **DENIES** the Motion and **FINDS AS FOLLOWS**:

## I. BACKGROUND

Defendant pleaded guilty to firearms violations and sentenced to 78 months imprisonment. (Docs. 11, 26). In his post-conviction Motion, Defendant seemingly seeks the return of all seized assets in this case not subject to forfeiture, though he only specifically references $5,277.00 cash and electronic items. (Doc. 30).

The Government opposes Defendant's Motion and responded that many of the assets seized in the investigation have been destroyed, including a PSA Model PA-15 assault rifle with a high-capacity magazine, 40 rounds of ammunition from the rifle, Taurus Model PT740 G2 slim pistol with magazines, a 7 rounds of ammunition from pistol, a money counter, digital scales, crack cocaine, marijuana, a food saver vacuum sealer and bags (similar to those the marijuana was packaged in). Further, $6,076 in cash that was seized during the investigation was administratively forfeited, and the Government attached the Declaration of Administrative Forfeiture to its response. (Doc. 31, Ex. A). Finally, the Government represents that it has in its possession an IPhone 11, IPhone 11 Pro, IPad, and an Apple laptop seized in the investigation (together, the

"Electronic Items"), which the Government represents it will voluntarily return to Defendant through a designee.

## II. DISCUSSION

Rule 41(g) allows a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property" to move for the property's return. Fed. R. Crim. P. 41(g), *Jackson v. United States,* 526 F.3d 394, 396-97 (8th Cir. 2008). A court may properly deny a Rule 41(g) motion if the movant is not entitled to lawful possession of the seized property or if the property is subject to forfeiture, among other reasons. *Jackson,* 526 F.3d at 397.

Conversely, a post-conviction motion for return of seized property is a civil, equitable action that is governed by the Federal Rules of Civil Procedure. *Wilson v. United States*, 2021 WL 4847444, at *3 (E.D. Mo. Aug. 27, 2021), *report and recommendation adopted*, 2021 WL 4844055 (E.D. Mo. Oct. 18, 2021) (listing authorities). A court should consider all necessary equitable considerations, and the movant must establish lawful entitlement to the property. *Id*.

Because Defendant brings his Rule 41(g) motion post-conviction, the Court construes it as an equitable motion for the property's return. However, regardless of the procedural vehicle, Defendant's requested relief is precluded by his plea agreement. Specifically, Defendant agreed:

> **To forfeit, via an administrative** or judicial proceeding, all assets listed in the charging document and, if applicable, Bill of Particulars, **or seized during this investigation or a related investigation**; to withdraw any claims and petitions for such assets; to entry of a money judgment in the amount specified in the charging document or Bill of Particulars; to a Magistrate Judge conducting forfeiture proceedings; to waive any rights to notice of forfeiture and to pronouncement of forfeiture at sentencing; **and to abandonment of the defendant's interests, if any, in any seized assets not forfeited**.

(Doc. 11, ¶8b) (emphasis added).

Plea agreements are binding and enforceable contracts between the Government and a defendant. *United States v. Hagen*, 2008 WL 5392092, at *3 (W.D.N.C. Dec. 19, 2008); *United*

*States v. Archie*, 771 F.3d 217, 222 (4th Cir. 2014). Thus, Defendant's explicit agreement to abandon any interest he may have in *any* asset seized and/or its administrative forfeiture forecloses his ability to seek judicial relief for those same assets return—Defendant no longer has any lawful interest in these assets. *See Wilson*, 2021 WL 4847444, at *5 (finding that by virtue of guilty pleas, movant had "no interest in any of the property seized during the investigation") (listing authorities); *United States v. Prat*, 584 F. App'x 921, 924 (11th Cir. 2014) (no property interest where movant voluntarily pled guilty and explicitly affirmed that he was relinquishing any interest in the properties).

Additionally, the seized cash was administratively forfeited, as evidenced by the Declaration attached to the Government's response. Any challenge to the administrative forfeiture of the cash is governed exclusively under 18 U.S.C. § 983(e). *See Marshall v. United States*, 2010 WL 5678675, *1 (M.D.N.C. Oct. 26, 2010) (explaining that Rule 41(g) motions may not be used when property has already been forfeited and the claimant's exclusive remedy is § 983(e)). Nonetheless § 983(e) provides no basis for Defendant to seek the currency's return, as he likewise waived any right to notice of forfeiture in his plea agreement and agreed to the administrative forfeiture of any asset seized in the investigation.

However, while Shankle has waived his right to seek the return of any seized asset, because the Government has represented that it will voluntarily return the Electronic Items to Defendant, who is currently incarcerated, the Court orders Defendant to provide the Government with a written designation of a designee to receive those items within sixty (60) days of this Order.

**IT IS THEREFORE, ORDERED**, that the Defendant's Motion is **DENIED.** It is **FURTHER ORDERED** that Defendant provide within sixty (60) days of this Order a written designation of a recipient to receive the electronic items on his behalf, which includes the

designee's address and telephone number, and is addressed to AUSA Seth Johnson, 227 West Trade Street, Suite 1650, Charlotte, North Carolina 28202.

**SO ORDERED**.

Signed: August 11, 2022

Frank D. Whitney
United States District Judge